Liang v. Sessions

BIA
Balasquide, IJ
A205 232 374

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand seventeen.

PRESENT:
>PIERRE N. LEVAL,
>JOSÉ A. CABRANES,
>GERARD E. LYNCH,
>>*Circuit Judges.*

_____

GUIHAI LIANG,
>*Petitioner,*

>v.                                    15-3311
>                                      NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:             Wei Gu, Whitestone, N.Y.

FOR RESPONDENT:             Benjamin C. Mizer, Principal
                            Deputy Assistant Attorney General;
                            John W. Blakeley, Assistant
                            Director, Patricia E. Bruckner,
                            Trial Attorney, Sarai M. Aldana,
                            Law Clerk, Office of Immigration
                            Litigation, United States
                            Department of Justice, Washington,
                            D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guihai Liang, a native and citizen of the People's Republic of China, seeks review of an October 2, 2015, decision of the BIA, affirming a September 4, 2014, decision of an Immigration Judge ("IJ") denying Liang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guihai Liang,* No. A205 232 374 (B.I.A. Oct. 2, 2015), *aff'g* No. A205 232 374 (Immig. Ct. N.Y. City Sept. 4, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Liang's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on

inconsistencies between an applicant's testimony and evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166 n.3. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Where the record contains inconsistencies, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (quoting *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 77, 76 (2d Cir. 2004)). As discussed below, the adverse credibility determination rests on inconsistencies which called into question the basis of Liang's claim that he ran a restaurant and lived in a building that the government demolished.

The agency reasonably relied on an inconsistency concerning Liang's place of residence. 8 U.S.C. § 1158(b)(1)(B)(iii). First, Liang testified that the property he purchased in 2005 (which was allegedly demolished by the Chinese government) served both as his restaurant and residence, but his 2007 Household Register

3

listed his father's address as his residence. The agency was not compelled to credit Liang's shifting explanations for this inconsistency. *See Majidi*, 430 F.3d at 80. He proffered both that the Chinese government automatically renews the Household Register without changing information, but when confronted with a different change that had been made, Liang's explanation was not responsive: he stated that he did not expect his property to be demolished and that his father did not want Liang to leave the father's house. The agency was not compelled to accept these competing and non-responsive explanations. *Id.*

Second, Liang's testimony was also inconsistent with the 2007 Register with respect to his occupation. The Register listed his occupation as grain farmer, not restaurant operator or chef. The agency reasonably declined to credit Liang's explanation that, to the Chinese government, "once you're a farmer you're always a farmer," because he provided no evidence of that policy. *Id.*

The agency also reasonably found Liang's credibility further undermined by his lack of proof of ownership of the demolished property. "An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant

unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Liang's explanation that all proof of property ownership was destroyed in the demolition was not compelling because it failed to account for the absence of photographs of the property, bank records, advertisements, or letters from family members or employees; and it was inconsistent with a tax record he produced that was issued prior to the demolition. *See Majidi*, 430 F.3d at 80; *see also* 8 U.S.C. § 1254(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . [unless] a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Given the multiple inconsistencies calling into question whether Liang owned a restaurant and residence that was demolished, as well as Liang's failure to produce sufficient corroborating evidence, it cannot be said "that no reasonable fact-finder could make such an adverse

credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility ruling is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk